**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-50809

LEGION INSURANCE COMPANY,

Plaintiff-Appellant-Cross-Appellee,

VERSUS

STEADFAST INSURANCE COMPANY,

Defendant-Appellee-Cross-Appellant.

Appeals from the United States District Court
For the Western District of Texas
(A-98-CV-285-SC)

November 6, 2000

Before KING, Chief Judge, PARKER, Circuit Judge, and FURGESON[*], District Judge.

ROBERT M. PARKER, Circuit Judge[**]:

Legion Insurance Company and Steadfast Insurance Company appeal from a magistrate judge's order denying declaratory relief to both parties. Legion and Steadfast request a declaration of

---

[*]District Judge of the Western District of Texas, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

insurance coverage concerning an accident at the business premises of the insured, ICO, Inc.

ICO, Inc. hired Carlos Melendrez Ruiz through Worldwide Temporary Services, Inc., a licensed provider of temporary workers in Texas, on May 13, 1996. Ruiz died in an accident on May 16, 1996, his third day of work at ICO. The accident occurred when Ruiz was unloading garbage from a metal plate mounted on a raised forklift. Ruiz fell from the forklift, and the metal plate dropped on top of him. The inexperienced forklift operator jumped off the machine while it was still moving. The forklift ran over the metal plate and crushed Ruiz's head, killing him instantly.

The Ruiz family filed suit against ICO alleging negligence and gross negligence. Under its commercial general liability insurance policy with Steadfast, ICO was insured up to $1,000,000 with a $50,000 deductible. The Steadfast policy did not cover regular employees and leased workers, but included coverage for temporary workers. Several days before scheduled mediation and only a month before trial, Steadfast issued a reservation of rights letter. Steadfast argued that Ruiz was a regular employee of ICO, not a temporary worker as defined in its policy. Steadfast claimed that because Ruiz was an employee of ICO, Legion should be liable for damages under its workers compensation and employment liability policy.[3] In order to settle the case with the Ruiz family, Legion

---

[3]Under its contract with ICO, Worldwide was obligated to provide worker's compensation insurance. However, Worldwide's insurance

contributed $500,000, Steadfast submitted $300,000 and Worldwide allotted $50,000 for a total $850,000 settlement.

Legion filed this action against Steadfast seeking declaratory relief. Legion claimed that Steadfast was solely liable for the entire settlement amount. In the alternative, Legion argued that both carriers were concurrently liable for the settlement amount and that Steadfast was responsible for part of the $500,000 contributed by Legion. Steadfast filed a counterclaim alleging that Legion owed the entire settlement amount. Following a three-day bench trial, the magistrate judge, after considering the testimony, the exhibits and the arguments of counsel, identified the disputed facts and legal issues the resolution of which were necessary to decide the rights of the parties. Then apparently misperceiving a judge's role in formal dispute resolution in the federal courts, the magistrate judge made neither findings of fact nor conclusions of law. Instead of deciding the case, the magistrate judge simply proclaimed that the parties had made a wise settlement. If the parties had merely been seeking praise for their business acumen, it was hardly necessary to seek such through the mechanism of a declaration of coverage. The fact that findings and conclusions may be difficult is no excuse for failing to make them.

We are left with no choice except to remand this matter for

carrier denied liability and filed for bankruptcy during the course of this litigation.

the magistrate judge to do what he should have done in the first place- decide the case.

REMANDED